```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
UNITED STATES OF AMERICA,                             :
                                                      :      21-CR-300 (JMF)
             -v-                                      :      25-CV-1035 (JMF)
                                                      :
CESAR ABREU,                                          :      MEMORANDUM OPINION
                                                      :         AND ORDER
                           Defendant.                 :
                                                      :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

  Defendant Cesar Abreu was convicted, after a jury trial, of possessing with the intent to distribute cocaine and fentanyl in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), and of maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(1).  After trial, he also pleaded guilty to illegal reentry, in violation of 8 U.S.C. § 1326(a) and 1326(b)(2).  His conviction was subsequently affirmed by the Second Circuit.  *See* 21-CR-300, ECF No. 87.  He now moves, without counsel, to vacate his conviction and sentence.  *See id.*, ECF No. 88.[1]

  The motion must be and is DENIED as frivolous.  Abreu's memorandum of law in support of his motion is not entirely coherent, but his principal, if not only, argument appears to be that the Court lacked jurisdiction over his case.  *See id.* at 27-61.  "Subject-matter jurisdiction in every federal criminal prosecution," however, "comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts.  That's the beginning and the end of the jurisdictional inquiry."  *Hugi v. United States*, 164 F.3d 378, 380 (7th Cir. 1999); *accord Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 268-69 (2023); *United States v. Prado*, 933 F.3d 121, 134-35 (2d Cir. 2019); *United States v. Yousef*, 750 F.3d 254, 259-60 (2d Cir. 2014), *abrogated on other grounds as recognized in United States v. Van Der End*, 943 F.3d 98, 104-05 (2d Cir. 2019).  At most, the "inquiry into whether an indictment charges a federal offense for the purposes of establishing subject-matter jurisdiction" involves examination of "whether 'the indictment alleges all of the statutory

---

[1] For ease of reference, the page references for ECF No. 88 are to the pagination automatically generated by the Electronic Case Filing system.

elements of a federal offense.'" *Yousef*, 750 F.3d at 259. The superseding indictment here plainly meets that requirement, as it tracks the language of each statute. *See* ECF No. 34.[2]

For the foregoing reasons, Abreu's motion is DENIED. As Abreu has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); *see also, e.g., Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012). In addition, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate 21-CR-300, ECF No. 88, to close 25-CV-1035 (JMF), and to mail a copy of this Memorandum Opinion and Order to:

> Cesar Abreu
> Register No. 15093-067
> FCI Fort Dix
> Federal Correctional Institution
> P.O. BOX 2000
> Joint Base MDL, NJ 08640

SO ORDERED.

Dated: February 6, 2025
        New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[2] Abreu's memorandum of law could be read to suggest that the superseding indictment failed to allege an "interstate commerce nexus." *See* ECF No. 88, at 41, 46-47. But "[i]t is well established that drug trafficking substantially affects interstate commerce." *United States v. Conyers*, No. S13 15-CR-537 (VEC), 2016 WL 7189850, at *3 (S.D.N.Y. Dec. 9, 2016); *see, e.g., Taylor v. United States*, 579 U.S. 301, 307 (2016) (holding that the production, possession, and distribution of controlled substances constitute a "class of activities" that, in the aggregate, substantially affect interstate commerce); *see also United States v. Guang Ju Lin*, 707 F. Supp. 2d 443, 447 (S.D.N.Y. 2010) (holding that an indictment was sufficient because allegations that the racketeering enterprise engaged in drug trafficking sufficed to allege that the racketeering activity affected interstate commerce).